UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA L. HAWLEY,

                                 Plaintiff,          5:24-cv-00248
                                                       MAD / TWD

        -against-

OPWDD – CENTRAL NEW YORK DDSO,

                                   Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant
The Capitol
Albany, New York  12224

By: Brian W. Matula
Assistant Attorney General, of Counsel
Bar Roll No. 511717
Telephone: (518) 776-2236
Fax: (518) 915-7738 (Not for service of papers.)
Email: brian.matula@ag.ny.gov

<u>TABLE OF CONTENTS</u>

STATEMENT OF FACTS ..................................................................................................1

STANDARD OF REVIEW ...............................................................................................1

ARGUMENT ....................................................................................................................2

    **I.**     **<u>PLAINTIFF'S CLAIMS ARE UNTIMELY AND SHOULD BE
DISMISSED.</u>**............................................................................................2

        A.  PLAINTIFF'S CLAIMS UNDER TITLE VII SHOULD BE
DISMISSED AS UNTIMELY....................................................................2

        B.  PLAINTIFF'S CLAIMS UNDER THE NYSHRL SHOULD BE
DISMISSED AS UNTIMELY....................................................................3

   **II.**    **<u>PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE
REMEDIES.</u>**...........................................................................................3

   **III.**   **<u>PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION.</u>**..........................7

        A.  PLAINTIFF'S SEX-BASED DISCRIMINATION CLAIMS
SHOULD BE DISMISSED ........................................................................7

        B.  PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS
SHOULD BE DISMISSED ........................................................................8

        C.  PLAINTIFF'S FAILURE-TO-PROMOTE CLAIMS SHOULD
BE DISMISSED ......................................................................................11

            1.  **All of Plaintiff's failure-to-promote claims should be dismissed
as Plaintiff has failed to allege facts which would support a minimal
plausible inference of discrimination on the basis of her sexual
orientation.**.................................................................................13

            2.  **Plaintiff's failure-to-promote claims should be dismissed on the
additional ground that Plaintiff has failed to allege that she was
qualified for the position for which she applied.**...........................14

            3.  **Plaintiff's failure-to-promote claims should be dismissed on the
additional ground that Plaintiff has failed to allege the individual
hired was similarly or less qualified than Plaintiff.**.....................15

        D.  PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED. ..............16

CONCLUSION.................................................................................................................20

i

TABLE OF AUTHORITIES

*Allen v. New York City Department of Environmental Protection*, 51 F.Supp.3d 504
    (S.D.N.Y. 2014) ......................................................................................................3

*Alvarado v. United Hospice, Inc.*, 631 F.Supp.3d 89 (S.D.N.Y. 2022).........................................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................1

*Ballard v. Children's Aid Society*, 781 F.Supp.2d 198 (S.D.N.Y. 2011) ....................................19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................................................2

*Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016).............................................................2, 8, 12

*EEOC v. Nexion Health at Broadway, Inc.*, 199 Fed. Appx. 351 (5th Cir. 2006)........................11

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378 (2d Cir. 2015) ....................................................4

*Jacobs v. Hudson Valley Family Physicians, PLLC*, 2024 W.L. 1200002 (N.D.N.Y.
    Mar. 20, 2024)................................................................................................5, 17

*Lorefice v. New York*, 2022 W.L. 3577102 (N.D.N.Y. Aug. 18, 2022) .......................................1, 2

*McGrier v. Capital Cardiology*, 2022 W.L. 2105854
    (N.D.N.Y. June 10, 2022) .................................................2, 3, 8, 12, 14, 15, 16

*Meckeler v. Cornell University*, 2024 W.L. 3535488 (N.D.N.Y. July 25, 2024) ...........................9

*Mwantuali v. Hamilton College*, 2024 W.L. 1219752 (N.D.N.Y. Mar. 20, 2024) .............3, 4, 9, 16

*Nally v. New Urol.*, 2013 W.L. 2384252 (N.D.N.Y. May 30, 2013)................................................9

*Reppert v. New York State Department of State*, 2022 W.L. 2315603 (N.D.N.Y.
    June 28, 2022)..............................................................................................2, 3

*Van Horn v. Specialized Support Servs.*, 241 F. Supp. 2d 994 (S.D. IA 2003) .............................11

## STATEMENT OF FACTS

Plaintiff, an employee of Defendant, The Office for People with Developmental Disabilities ("OPWDD") asserts that Defendant discriminated against her on the basis of her sex and sexual orientation. *See* ECF No. 30 at pg. 2. Plaintiff claims that she began work for Defendant in December 1996, and that in January 2008, she disclosed that she was a lesbian and was open about being in a same-sex relationship. *See id.*

Plaintiff claims that because of her sex and sexual orientation, Defendant failed to promote her on twenty-two separate occasions, retaliated against her on five separate occasions and subjected her to a hostile work environment. *Id.* Plaintiff asserts her claims pursuant to Title VII, the Civil Rights Act of 1964, 42 USC 2000e et seq. and the New York State Human Rights Law. *Id.* at pg. 3-4.

Plaintiff filed her Charge of Discrimination with the EEOC on April 26, 2022, an Amended Charge of Discrimination on August 30, 2023, and received her Notice-of-Right-to-Sue on November 28, 2023. *Id.* at 4. Plaintiff filed this action on February 20, 2024 (*see* ECF No. 1) and filed her Amended Complaint on September 12, 2024 (*see* ECF No. 30). Plaintiff seeks injunctive relief as well as compensatory and punitive damages. *See* ECF No. 30 at 6.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court must accept as true "all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor." *Lorefice v. New York*, 2022 W.L. 3577102, *2 (N.D.N.Y. Aug. 18, 2022). [1] "This presumption of truth, however, does not extend to legal conclusions." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[1] In accordance with Local Rule 7.1(b), Plaintiff has been served with a copy of all unpublished cases and those published exclusively on electronic databases that have been cited herein.

A plaintiff is required to plead "'a short and plain statement of the claim,' with sufficient factual 'heft to sho[w] that the pleader is entitled to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The pleading must contain factual allegations that present claims that are "plausible on [their] face." *Lorefice*, 2022 W.L. 3577102, at *3. Where the plaintiff fails to allege entitlement to relief or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* A plaintiff is not required to plead a *prima facie* case, but ultimately, must plead "specific facts that support a minimal plausible inference of such discrimination." *McGrier v. Capital Cardiology*, 2022 W.L. 2105854, *7 (N.D.N.Y. 2022) (quoting *Doe v. Columbia Univ.*, 831 F.3d 46, 56 (2d Cir. 2016)).

<u>ARGUMENT</u>

## I.    PLAINTIFF'S CLAIMS ARE UNTIMELY AND SHOULD BE DISMISSED.

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Civil Rights Act of 1964 and New York's Human Rights Law, Executive Law § 296 et seq. *See* ECF No. 30 at pg. 2-4. Plaintiff's allegations span over five years, asserting claims based on events dating back as far as May 2, 2018, and as recently as October 18, 2023. *Id.* at ¶ 8, ¶ 93. Plaintiff did not file her EEOC Charge of Discrimination until April 26, 2022, and did not commence this litigation until February 20, 2023. *Id.* at 4); *see also* ECF No. 1.

### A.  Plaintiff's Claims under Title VII should be dismissed as untimely.

Title VII requires that individuals claiming to have been discriminated against file their charge of discrimination with the EEOC within 300 days of the allegedly unlawful act. *See Reppert v. New York State Department of State*, 2022 W.L. 2315603, *6 (N.D.N.Y. June 28, 2022). The failure to file a charge within this time-period bars a plaintiff from bringing an action. *Id.* In the context of a motion to dismiss, a statute of limitations defense can support dismissal

where "the complaint *facially* shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *See McGrier v. Capital Cardiology*, 2022 W.L. 2105854, *7 (N.D.N.Y. 2022) (emphasis in original).

Plaintiff filed her EEOC Charge on April 26, 2022. *See* ECF No. 30 at 4. At the time of her EEOC filing, the only claims that would have been timely are those which took place within 300 days of her filing – or those taking place on or following June 30, 2021.

Plaintiff's Amended Complaint alleges discrimination in connection with twenty-two separate job applications and five instances of alleged retaliation. *See* ECF No. 30, ¶¶ 8-10, 12, 15, 16, 18, 21, 22, 24-26, 46-49, 56-58, 62, 79, 82, 93, 95. Many of Plaintiff's claims involve determinations or alleged acts of retaliation which fall outside of the Title VII 300-day limitation period. Specifically, Plaintiff's Title VII failure-to-promote claims which allege acts which occurred on May 2, 2018, January 11, 2019, October 18, 2019, April 6, 2020 and April 29, 2020. ECF No. 30, ¶¶ 8, 9, 10, 15, 16.  Plaintiff's Title VII retaliation claims are premised upon acts that allegedly occurred in December 2019 and August 2020. *Id*. at ¶¶ 12, 14, 18. Plaintiff's failure-to-promote and retaliation claims are both time barred as they occurred more than 300 days prior to when Plaintiff filed her EEOC Charge of Discrimination, and must be dismissed.

The continuing violation doctrine that can sometimes serve to relieve a plaintiff from the normal application of the statute of limitations is not applicable in this case. *See Mwantuali v. Hamilton College*, 2024 W.L. 1219752, *7 (N.D.N.Y. Mar. 20, 2024). Courts have repeatedly held that failure-to-promote claims involve "discrete acts of discrimination" which do not trigger application of the continuing violation doctrine. *See Mwantuali*, 2024 W.L. 1219752, at *7; *Reppert v. New York State Department of State*, 2022 W.L. 2315603, *7 (N.D.N.Y. June 28, 2022); *Allen v. New York City Department of Environmental Protection*, 51 F.Supp.3d 504, 510

(S.D.N.Y. 2014) ("failure-to-promote or failure-to-hire claims, even where the same employee has been repeatedly denied a position, do not constitute a continuing violation….").

Plaintiff's Title VII failure-to-promote and retaliation claims falling outside the 300-day limitations period should therefore be dismissed.

### B. Plaintiff's Claims under the New York State Human Rights Law should be dismissed as untimely.

The New York State Human Rights Law ("HRL") requires that an action be commenced within three years of the discriminatory action. *Mwantuali*, 2024 W.L. 1219752, at *6. As Plaintiff did not file her Complaint until February 20, 2024, any claims pertaining to events taking place on or before February 20, 2021 must be dismissed as untimely. *See* ECF No. 1.

Plaintiff asserts both failure-to-promote and retaliation claims under the HRL. Plaintiff's failure-to-promote claims which are premised on events that took place on May 2, 2018, January 11, 2019, October 18, 2019 and April 29, 2020 (ECF No. 30 at ¶¶ 8-10, 16), are all untimely. Plaintiff's claims of retaliation concerning retaliatory acts that took place on or about December 12, 2019 and August 2020 (*id.*, ¶¶ 12, 14, 18) are also untimely.

As Plaintiff's HRL failure-to-promote and retaliation claims concern acts that took place before February 20, 2021, they must be dismissed as untimely.

### II.  PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Title VII requires that a plaintiff exhaust her administrative remedies before filing her action. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). The Second Circuit Court of Appeals described the exhaustion of administrative remedies as "an essential element of the Title VII…statutory scheme." *Id.* Where a plaintiff does not exhaust her Title VII claim, the Court lacks subject matter jurisdiction over that claim. *Id.*

Plaintiff signed and filed her EEOC Charge on April 26, 2022. *See* Matula Aff., Ex. A.[2] In her EEOC Charge, Plaintiff states that both the "earliest" and "latest" date that discrimination took place was on September 23, 2021. *See id.* On August 30, 2023, Plaintiff filed an Amended EEOC Charge of Discrimination. *See* Matula Aff., Ex. B. In her Amended EEOC Charge, Plaintiff likewise asserts that both the earliest and latest date of discrimination was September 23, 2021. *Id.* Plaintiff's reference to the September 23, 2021, date of discrimination coincides with Plaintiff's claim in this case, that on September 23, 2021, she was not awarded the position of DDPSI. ECF No. 30 at 18.

While Plaintiff references having applied to "TTL" positions in her EEOC Charge and Amended EEOC Charge, she does so only in reference to a claim that something occurred "back in 2013" that somehow prevented her from qualifying for applying to these TTL positions. *See* Matula Aff., Exs. A, B. Plaintiff indicates in her EEOC Charge and Amended EEOC Charge, that "[a]t this moment," (April 26, 2022 and August 30, 2023) she is "not eligible to sit to interview for the TTL position," seemingly because of her Civil Service exam score. *See id.* Plaintiff did not allege any discrimination in connection with any TTL application in her EEOC Charge or Amended EEOC Charge. *See id.*

As Plaintiff has never grieved anything other than other than the September 23, 2021 denial, all of her other claims in connection with her TTL, POS II or DDPSI applications must be dismissed as having not been exhausted.

---

[2] Courts in the Second Circuit have found that when a plaintiff specifically refers to an EEOC Charge in the complaint, the Court may consider this document as incorporated into the complaint by reference. *See Jacobs v. Hudson Valley Family Physicians, PLLC*, 2024 W.L. 1200002 *3 (N.D.N.Y. March 20, 2024). Courts may also take judicial notice of the EEOC Charge as it is considered a public record. *Id.*

Further, Plaintiff's initial EEOC Charge of Discrimination was signed and filed on April 26, 2022. *See* Matula Aff., Ex. A. The EEOC Charge identifies September 23, 2001 as the "latest" act of discrimination. *Id.* Plaintiff now alleges in her Amended Complaint that she was discriminated against when Defendant failed to promote her to the TTL position on February 28, 2022, March 2, 2022 and March 21, 2022. *Id.*, ¶¶24-26. Plaintiff's EEOC Charge, however, does not reference any of these alleged acts of discrimination. *See id*. These claims should also be dismissed as Plaintiff has failed to exhaust her remedies.

Plaintiff's Amended EEOC Charge of Discrimination was signed and filed on August 30, 2023. *See* Matula Aff., Ex. B. The Amended Charge indicated the last act of discrimination occurred on September 23, 2021. *Id.* Plaintiff now alleges in her Amended Complaint that Defendant failed to promote her on May 19, 2023, May 26, 2023, July 13, 2023, August 3, 2023. ECF No. 30, ¶¶ 56-57, 62, 79. Plaintiff also now asserts that Defendant retaliated against her in a way that was unrelated to her EEOC filing in July and early August 2023. *Id*., ¶¶ 56-58, 62, 63, 65-67, 74, 79. Plaintiff did not identify any of these claimed acts of discrimination or retaliation in her August 30, 2023, Amended EEOC Charge of Discrimination.

Plaintiff's EEOC Charge of Discrimination and Amended EEOC Charge of Discrimination likewise do not reference any claimed act of discrimination that occurred before September 23, 2021. *See* Matula Aff., Exs. A, B. Plaintiff states that the "earliest" act of discrimination occurred on September 23, 2021. *Id.* In her Amended Complaint, Plaintiff now alleges failure-to-promote claims that took place before September 23, 2021 which occurred on May 2, 2018, January 11, 2019, October 18, 2019, April 6, 2020, April 29, 2020, August 23, 2021, and September 9, 2021.  ECF No. 30, ¶¶8-10, 15-16, 20-21. In her Amended Complaint, Plaintiff also now alleges that acts of retaliation, unrelated to her EEOC filing, occurred on

December 12, 2019 and in August 2020. *Id.*, ¶¶ 12, 14, 18. None of these alleged acts of discrimination were presented to the EEOC for investigation and have not been properly exhausted.

Plaintiff's EEOC Charge likewise did not allege that any acts of discrimination occurred after its filing on April 26, 2022 or after the filing of the Amended Charge on August 30, 2023. As such, Plaintiff's retaliation claims alleging retaliatory conduct that occurred in July and August of 2023, and on November 9, 2023, likewise have not been exhausted.  ECF No. 30, ¶¶ 63, 65-67. 70, 74, 95, 98-100

Finally, Plaintiff made no claim in her EEOC Charge or Amended EEOC Charge that she was subjected to a hostile work environment. *See* Matula Aff., Exs. A, B. Plaintiff's allegations to the EEOC concerned an alleged failure-to-promote that occurred on September 23, 2021 – there was no reference to any facts which would have suggested Plaintiff was claiming that she was subjected to a hostile work environment at any period of time. *See id.* As such, Plaintiff's hostile work environment claims have not been exhausted.

The only claims that Plaintiff asserts in her Amended Complaint that have been exhausted are her September 23, 2021 failure-to-promote claim and her allegation that her workstation was alleged to have been changed in retaliation for her participation in the EEOC proceeding. ECF No. 30, ¶¶ 22, 46-49. The remaining claims should be dismissed.

### III.    PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION.

#### A.    Plaintiff's Sex-Based Discrimination Claims Should Be Dismissed.

Plaintiff alleges in her Amended Complaint that she was discriminated against on the basis of her sex. ECF No. 30 at 2. However, Plaintiff has not alleged any facts that indicate that

any action taken by Defendants was related to her sex. *See generally* ECF No. 30. In fact, in her Amended Complaint, Plaintiff alleges that in the context of her EEOC complaint that both the EEOC and Defendant "failed to realize [her] complaint was a Sexual Orientation Discrimination complaint, not a Sex Discrimination complaint (e.g. Male versus Female)." *Id.*, ¶ 51. Plaintiff's claims for sex-based discrimination fail to plead "specific facts that support a minimal plausible inference of such discrimination" and should be dismissed. *McGrier*, 2022 W.L. 2105854, at *7 (quoting *Doe v. Columbia Univ.*, 831 F.3d at 56).

B.    **Plaintiff's Hostile Work Environment Claims Should Be Dismissed.**

To establish a claim of hostile work environment, a plaintiff must demonstrate:

> [E]ither a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment.

> This standard contains both objective and subjective elements. A plaintiff must subjectively perceive her work environment to be abusive. But the misconduct at issue must also be "severe or pervasive enough to create an objectively hostile or abusive work environment[.]" To determine whether the work environment is objectively hostile, the Court must look to the totality of the circumstances including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."

*See Jacobs v. Hudson Valley Family Physicians, PLLC*, 2024 W.L. 1200002, *4 (N.D.N.Y. March 20, 2024) (citations omitted). This Court in *Mwantuali* wrote:

> Title VII's prohibition against employment discrimination because of race, color, religion, sex, or national origin encompasses "requiring people to work in a discriminatorily hostile or abusive environment." A hostile work environment includes "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult ... that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

working environment." "'The environment need not be unendurable or intolerable' to be a hostile work environment."

*Mwantuali v. Hamilton College*, 2024 W.L. 1219752, *16 (N.D.N.Y. March 20, 2024) (citations omitted).

A plaintiff must also provide facts establishing that the hostile work environment was created because of the plaintiff's membership in a protected class and that there is "a specific basis" for imputing the conduct creating the hostile environment to the employer. *Nally v. New Urol.*, 2013 W.L. 2384252, *17 (N.D.N.Y. May 30, 2013).

Plaintiff has failed to meet her burden.[3] Plaintiff alleged that in her more than 27 years with the agency, she has only ever had positive reviews and has no disciplinary history. *See* ECF No. 30 at 20, ¶ 40. Plaintiff alleges that in the years after speaking openly about her sexual orientation she was nominated for supervisor of the year in 2010 (*id.*, ¶ 37); entrusted to host the Commissioner for a visit in 2015 because of the quality of her Day Habitations (*id.*, ¶¶ 137, 139); was given a baby shower in 2018 (*id.*, ¶ 115); was advanced to a higher Civil Service grade in 2018 (*id.*, ¶ 7); was given another baby shower in 2020 (*id.*, ¶ 115); and was entrusted again to host the Commissioner for a visit in 2021 (*id.*, ¶ 139).

Plaintiff alleges that on May 8, 2022, Defendant's Human Resources department advised Plaintiff that she had received a promotion to DDPSI. *See id.*, ¶ 29. On June 16, 2022, Plaintiff began her work as a DDPSI. *See id.*, ¶ 31. In December 2022, Plaintiff was nominated for employee of the year by her coworkers and the individuals she supervised. *See id.*, ¶ 32. Plaintiff

---

[3] While Plaintiff's NYSHRL claims are afforded a more lenient review, they too should be dismissed. A plaintiff asserting a hostile work environment claim under the NYSHRL is required to establish the same elements as a claim under Title VII but is relieved from establishing that the alleged conduct was "severe and pervasive." *See Meckeler v. Cornell University*, 2024 W.L. 3535488, *9 (N.D.N.Y. July 25, 2024). Even under this more lenient standard, Plaintiff has not met her burden.

alleges that after starting her new DDPSI position in June 2022, she received "only positive reviews and [enjoys her] new job and [] team." *See id.*, ¶ 31.

Plaintiff's allegations concerning the hostile work environment are conclusory and largely limited to her subjective feelings. These subjective feelings appear to pertain to her failure to be advanced by promotion, rather than by any separate or distinct acts of the Defendant. While Plaintiff alleges in her Amended Complaint that she was "harassed" after complaining about discrimination, that she feels "disrespected and ignored," and that she feels mental anguish, emotional pain and suffering, inconvenience, embarrassment and humiliation, she fails to cite to any specific facts attributable to the Defendant which would support her claim. ECF No. 30, ¶¶45, 117. Plaintiff has failed altogether to allege facts supporting the objective element of her hostile work environment claim.

Plaintiff claims that a coworker "glared at [her] just a few inches from the back of [Plaintiff's] head." *See* ECF No. 30, ¶ 95. However, Plaintiff also states that she brought this interaction to the attention of the individual's supervisor and that the supervisor told Plaintiff that she would speak to the co-worker about the behavior. *Id.*, ¶¶ 98-100. Plaintiff does not allege any further interaction with this co-worker or any facts which would suggest that the co-worker's glare was motivated by Plaintiff's sexual orientation. She also makes no allegation that the individual's supervisor failed to act on her complaint or that she suffered any further harassment by the co-worker.

Plaintiff's recitation of facts pertaining to her interactions with an individual served by the agency also fails to establish a hostile work environment. *See* ECF No. 30, ¶¶ 58-61, 63-75.

Plaintiff alleges that she was threatened while at work by an individual served by the agency.[4] *Id.* at ¶ 58. Following the threat, she reported the matter to law enforcement and obtained an order of protection. *Id.* Plaintiff claims that the day after the threat, a "Protective Measures Memo" was generated at work and that Defendant removed Plaintiff from any work involving the individual who threatened Plaintiff. *Id.* at ¶¶59, 61. When the individual came into the vicinity where Plaintiff worked approximately one month after the threat, steps were immediately taken to remove the individual from the workplace while Plaintiff remained in an office. *Id.* ¶¶ 65-67. Plaintiff was also instructed to file a police report concerning the incident. *Id.* ¶ 69. Plaintiff does not allege any further interaction with this individual or that this individual's actions, or the Defendant's actions taken in responding to the threat were motivated by Plaintiff's sexual orientation.

This alleged conduct is insufficient to establish a hostile work environment, has no connection to Plaintiff's sexual orientation, and there is no basis to attribute these actions to Defendant. As such, Plaintiff's hostile work environment claim should be dismissed.

C.    **Plaintiff's Failure To Promote Claims Should Be Dismissed.**

To plead a Title VII claim of discrimination, a plaintiff must allege that the employer took an adverse action against her and that membership in the protected class was a motivating factor

---

[4] Courts have also failed to find an employee liable under discrimination laws where, as here, the developmentally disabled individual's conduct occurred in the course of employment. *See Van Horn v. Specialized Support Servs.*, 241 F. Supp. 2d 994, 1006 (S.D. IA 2003) (a company that provided services for individuals with developmental disabilities was not liable for an alleged hostile work environment created when a client grabbed the plaintiff's breast); *EEOC v. Nexion Health at Broadway, Inc.*, 199 Fed. Appx. 351, 352-354 (5th Cir. 2006) (holding that where the employee's position required him to assist "elderly people whose minds have essentially failed" and who would often harass him, absorbing occasional verbal abuse from some patients was not merely an inconvenience associated with his job; it was an important part of the job itself.").

in the determination. *McGrier v. Capital Cardiology*, 2022 W.L. 2105854, *8 (N.D.N.Y. 2022). To properly allege a plausible failure-to-promote claim, a plaintiff must allege: (1) that they are a member of a protected class; (2) that they applied for a promotion to a position for which they were qualified; (3) that they were rejected for the position; and (4) after this rejection, the position was filled by someone who was similarly or less well qualified than the plaintiff. *See id.* at *9. Plaintiff is required in her pleading to plead "specific facts that support a minimal plausible inference of such discrimination." *See id.* at *15 (quoting *Doe v. Columbia Univ.*, 831 F.3d 46, 56 (2d Cir. 2016)).

In her Amended Complaint, Plaintiff identifies 22 instances when she claims that Defendant failed to promote her. Plaintiff claims Defendant failed to promote her on May 2, 2018, January 11, 2019, October 18, 2019,[5] April 6, 2020, April 29, 2020, August 23, 2021, two failures on September 9, 2021, September 23, 2021,[6] February 28, 2022, March 2, 2022, March 21, 2022, May 19, 2023, May 26, 2023, July 13, 2023, August 3, 2023, September 22, 2023,

---

[5] It appears that the October 18, 2019 application is duplicative of the application referenced in paragraph 9 of the Amended Complaint. Out of an abundance of caution, these two have been responded to separately in the event they do not pertain to the same application. *See* ECF No. 30, ¶¶ 9, 10.

[6] It appears that the September 23, 2021 determination is duplicative of the application referenced in paragraph 20 of the Amended Complaint. Out of an abundance of caution, these two events have been responded to separately in the event they do not pertain to the same application. *See* ECF No. 30, ¶¶ 20, 22.

September 25, 2023,[7] September 27, 2023, two failures on October 18, 2023 and November 6, 2023.[8] ECF No. 30, ¶¶ 8-10, 15-16, 20-22, 24-26, 56-57, 62, 79, 81-82, 90, 93.

All of Plaintiff's failure-to-promote claims should be dismissed.

> **1.    All of Plaintiff's failure-to-promote claims should be dismissed as Plaintiff has failed to allege facts which would support a minimal plausible inference of discrimination on the basis of her sexual orientation.**

Plaintiff has failed to allege any facts which would support a "plausible inference" that any of the twenty-two instances of Plaintiff not being promoted were discriminatory in nature. While Plaintiff alleges that she was open about her sexual orientation since 2008 and that her coworkers were aware of her sexual orientation, she has not alleged any facts, which would suggest that any of the decisionmakers involved in these twenty-two instances treated Plaintiff differently because of her sexual orientation.

In fact, with the exception of one claim regarding one interviewer, Plaintiff has failed to allege any facts which would suggest that the decisionmakers in these twenty-two instances even knew what Plaintiff's sexual orientation was. ECF No. 30, ¶ 112. Despite alleging twenty-two separate instances of alleged discrimination, Plaintiff only alleges that one interviewer was aware of what Plaintiff's sexual orientation was. *See id.* Plaintiff does not allege what interview the individual was involved in, whether the interviewer was on more than one interview panel,

---

[7] It appears that the October 5, 2023 determination is duplicative of the application referenced in paragraph 82 of the Amended Complaint. Out of an abundance of caution, these two events have been responded to separately in the event they do not pertain to the same application. *See* ECF No. 30, ¶¶ 82, 91.

[8] It appears that the November 6, 2023 determination is duplicative of the application referenced in paragraph 90 of the Amended Complaint. Out of an abundance of caution, these two events have been responded to separately in the event they do not pertain to the same application. *See* ECF No. 30, ¶¶ 90, 94.

whether that interviewer scored her lower in her interview or whether she did anything else that would have affected Plaintiff's application. *Id.* Plaintiff's allegation that it is "possible" that the one individual who knew that Plaintiff was a lesbian "could have" influenced the others in not choosing Plaintiff for the promotions is completely speculative and does not establish facts supporting a minimal "plausible inference" that Defendant discriminated against Plaintiff. *Id.*, ¶¶ 113, 114.

Plaintiff fails to allege any facts which would support a minimal plausible inference of discrimination. There is a complete absence of any connection between Plaintiff's sexual orientation and any of the twenty-two determinations referenced in the Amended Complaint. As such her failure-to-promote claims must be dismissed.

### 2. Plaintiff's failure-to-promote claims should be dismissed because Plaintiff has failed to allege that she was qualified for the position for which she applied.

In order to state a failure-to-promote claim a plaintiff must allege that they were qualified for the position they applied for. *See McGrier*, 2022 W.L. 2105854, at *9. Plaintiff has failed to allege in her Amended Complaint that she was qualified for the position she applied for in connection with applications or determinations on May 2, 2018, January 11, 2019, April 6, 2020, April 29, 2020, August 23, 2021, two on September 9, 2021, February 28, 2022, March 2, 2022, March 21, 2022, May 19, 2023, May 26, 2023, August 3, 2023, September 22, 2023, September 27, 2023, two on October 18, 2023 and on November 6, 2023. ECF No. 30, ¶¶8-9, 15-16, 21, 24-26, 56-57, 79, 81, 90, 93-94.

Further, Plaintiff has affirmatively alleged in her pleading, in her EEOC Charge of Discrimination, and in her Amended EEOC Charge of Discrimination that she was <u>not</u> eligible for an interview in connection with an appointment to many of the TTL positions referenced in this action. *See* Matula Aff., Exs. A, B; ECF No. 30, ¶ 18. In her Amended Complaint, Plaintiff

claims that in August 2020 that she contacted Defendant's Human Resources department about her Civil Service examination score because she believed that she may not be as "reachable" for an interview with a Civil Service exam score of "80" as she would be with her then-more recent score of "85." *See* ECF No. 30, ¶ 18. Plaintiff implicitly acknowledges in this paragraph, that her Civil Service score was what prevented her from being selected for interviews. *Id.* In her EEOC Charge of Discrimination and Amended EEOC Charge of Discrimination, Plaintiff also wrote that she was "not eligible to sit to interview for the TTL position." *See* Matula Aff., Exs. A, B. Plaintiff indicated that based on the Civil Service list, she would not be eligible to sit for an interview unless she "scored a 95 or higher." *See* Matula Aff., Exs. A, B. These representations took place in April 2022 and August 2023. *Id.* Plaintiff's TTL appointments, for which she affirmatively stated she was not eligible for, took place on January 11, 2019, October 18, 2019, April 29, 2020, two on September 9, 2021, September 23, 2021, February 28, 2022, March 2, 2022, March 21, 2022, May 19, 2023, May 26, 2023 and August 3, 2023. *See* ECF No. 30, ¶¶ 9, 10, 16, 21, 22, 24, 25, 26, 56, 57, 79.

Based on Plaintiff's lack of allegations in her Amended Complaint concerning her qualifications and her affirmative statements that she was not eligible for appointment, Plaintiff has failed to plead that she was qualified for these positions.

3. **Plaintiff's failure-to-promote claims should be dismissed on the additional ground that Plaintiff has failed to allege that the individual hired was similarly or less qualified than Plaintiff.**

To assert a failure-to-promote claim a plaintiff must also allege that the positions they applied for were filled by someone "who was similarly or less well qualified than the plaintiff. *See McGrier*, 2022 W.L. 2105854, \*9. Plaintiff does not allege any information concerning any of individuals hired for any of the applications or determinations dated May 2, 2018 (Amended Complaint, ECF No. 30, ¶ 8), January 11, 2019 (*id.*, ¶ 9), April 6, 2020 (*id.*, ¶ 15), April 29, 2020

(*id.*, ¶ 16), August 23, 2021 (*id.*, ¶ 20), two failures on September 9, 2021 (*id.*, ¶ 21), February 28, 2022 (id., ¶ 24), March 2, 2022 (*id.*, ¶ 25), March 21, 2022 (*id.*, ¶ 25), May 19, 2023 (*id.*, ¶ 56), May 26, 2023 (*id.*, ¶ 57), August 3, 2023 (*id.*, ¶ 79), September 22, 2023 (*id.*, ¶ 81), September 27, 2023 (*id.*, ¶ 90), two failures on October 18, 2023 (*id.*, ¶ 93) and November 6, 2023 (*id.*, ¶ 94).

All of these claims should be dismissed as Plaintiff has failed to allege that the individual hired instead of her was similarly or less qualified than Plaintiff.

### D.  Plaintiff's Retaliation Claims Should Be Dismissed.

Plaintiff was required to plausibly allege that:

> "(1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." Title VII prohibits an employer from retaliating against an individual because he 'opposed any practice' made unlawful by Title VII." "Generally, "an adverse employment action is any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" "This definition covers a broader range of conduct than does the adverse-action standard for claims of discrimination under Title VII: '[T]he antiretaliation provision, unlike the substantive [discrimination] provision, is not limited to discriminatory actions that affect the terms and conditions of employment.'"

*See McGrier*, 2022 W.L. 2105854, at *15 (citations omitted).

Plaintiff has failed to meet her burden in connection with each of her claims of retaliation.[9] In her Amended Complaint, Plaintiff has referred to five separate actions as being retaliatory: (1) Plaintiff claims that she was retaliated against for filing a union grievance in October 2019 (ECF No. 30, ¶¶ 12, 14); (2) Plaintiff claims that she was retaliated against when

---

[9] For a claim of retaliation under the NYSHRL, the plaintiff need not establish an "adverse employment action" but rather that the actions taken against her were of the nature that would be "reasonably likely to deter a person from engaging in protected activity." *See Mwantuali*, 2024 W.L. 1219752, at *16. Plaintiff has failed to meet her burden under either standard.

her employer utilized one Civil Service examination list over another (*id.*, ¶ 18); (3) Plaintiff alleges that she was retaliated against in connection with her filing of a rebuttal statement in the EEOC proceeding by being transferred to a different workstation (*id.*, ¶¶ 46-48, 49); (4) Plaintiff claims that the acts involving an individual threatening her in July and August 2023 were retaliatory (*id.*, ¶¶ 63, 65-67. 70, 74); and (5) Plaintiff claims that her co-worker glaring at her was retaliatory (*id.*, ¶¶ 95, 98-100). Each of these claims should be dismissed.

First, Plaintiff's claim that she was retaliated against for filing a union grievance should be dismissed. Plaintiff appears to suggest that because she filed a union grievance, the Justice Center took action to remove individuals who were being taken care of at Plaintiff's parent's business. (ECF No. 30, ¶¶ 12, 14). A claim of retaliation under Title VII or the HRL must be premised upon a complaint pertaining to discrimination prohibited under these laws. *See Jacobs v. Hudson Valley Family Physicians, PLLC.*, 2024 W.L. 1200002, at *6. Protected activity includes formal complaints about discriminatory practices, but can also include informal complaints, so long as the complaint is "sufficiently specific" to make it clear that the employee is complaining about conduct prohibited by these laws. *Id.* Plaintiff has failed to plead that her union grievance had anything to do with her sexual orientation or Defendant's treatment of her because of her sexual orientation. Plaintiff has failed to allege that her complaint would have fallen within the scope of the anti-retaliation provisions of these laws.

Further, Plaintiff has failed altogether to allege any facts which would plausibly connect her own employment grievance with the Justice Center's actions taken against her parent's business. There are absolutely no facts asserted which would connect any complaint made by Plaintiff to the actions apparently taken against Plaintiff's parent's business.

Second, Plaintiff's claim that she was retaliated against when her employer utilized one Civil Service examination list over another should be dismissed. ECF No. 30, ¶ 18. In advancing this claim of retaliation, Plaintiff has failed to identify the protected conduct which allegedly prompted Defendant to utilize a different civil service list. There is no indication as to what complaint was made that supposedly prompted this determination and whether that complaint involved Plaintiff's sexual orientation or other claim of discrimination.

Further, Plaintiff claims that her conversation concerning her Civil Service score took place in August 2020. *Id.*, ¶ 18. Plaintiff has not claimed that she applied for any position between April 29, 2020 and August 23, 2021 to which the lower score would have applied. ECF No. 30, ¶¶ 16, 20. Plaintiff has failed to allege that she was barred from consideration for any specific position or that the difference between an "80" and "85" would have affected Plaintiff's eligibility for any of the specific applications she has referenced in her pleading. Notably, in 2022 and 2023, Plaintiff represented to the EEOC that she was not eligible for appointment to the TTL positions since she did not have a score of "95." *See* Matula Aff, Exs. A, B.

Third, Plaintiff's claim that she was retaliated against for submitting her EEOC rebuttal should be dismissed. *See* Amended Complaint, ECF No. 30, ¶¶ 46-48, 49. Plaintiff has alleged that she was relocated to a different cubicle as retaliation for submitting her EEOC rebuttal. *Id.* Plaintiff alleges that the new cubicle is close to an outside door with a high traffic area, that temperatures fluctuate with the season, that she lacks the privacy to which she was accustomed to and that it is difficult to hear during Microsoft Teams or WebEx meetings. *See id.*

Plaintiff has, however, failed to allege in her Amended Complaint that the individual(s) who made the determination to relocate her had any awareness of Plaintiff's EEOC proceeding

or the rebuttal that she filed in connection with her EEOC proceeding. Plaintiff has not provided any factual link between the decision to relocate her and the filing of the EEOC rebuttal.

Further, courts in the Second Circuit, acknowledging the lower showing needed for adverse employment decisions under a retaliation analysis, have nevertheless continued to find that office relocation does not constitute an adverse action for purposes of Title VII. *See Alvarado v. United Hospice, Inc.*, 631 F.Supp.3d 89, 118 (S.D.N.Y. 2022). The Southern District in *Alvarado* wrote:

> And, courts in the Second Circuit have held that the "decision to relocate [the plaintiff] to a different, allegedly inferior, office space" is "at most, the sort of 'minor annoyance[ ],' that do[es] not rise to the level of actionable retaliation under Title VII."

*Id.*; *Ballard v. Children's Aid Society*, 781 F.Supp.2d 198 (S.D.N.Y. 2011) (assignment to a shared office and to an office without telephone or computer access did not rise to the level of adverse action).

Fourth, Plaintiff's claim that the acts involving an individual threatening her in July and August 2023 were retaliatory should be dismissed. ECF No. 30, ¶¶ 63, 65-67, 70, 74. It is unclear based on Plaintiff's pleading how Defendant is alleged to have been involved in this retaliatory act, or what the retaliatory act is claimed to be. Plaintiff describes multiple instances of Defendant immediately responding for the purpose of ensuring Plaintiff's safety. Plaintiff has failed to allege that any action or inaction was prompted by any complaint of discrimination.

Fifth, Plaintiff's claim that a co-worker's glare constituted retaliation should be dismissed. ECF No. 30 at ¶¶ 95, 98-100. Plaintiff has failed to allege any facts which would suggest that a co-worker's glare can be imputed to Defendant. In fact, Plaintiff alleges that as soon as she raised the issue with the co-worker's supervisor, the supervisor indicted that she would speak to the co-worker about her behavior. *See id.*, ¶ 100.

Plaintiff's allegations also fail to identify that the glare was motivated by a complaint of discrimination. While Plaintiff alleges that she raised an issue about the composition of the interview panel because it included a friend of the co-worker who glared at her, there is no allegation that there was any complaint of discrimination based on sexual orientation to anyone. *See id.*, ¶¶ 88-89. Plaintiff's complaint about the interview panel had nothing to do with Plaintiff's sexual orientation. *Id.*

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion should be granted and Plaintiff's Amended Complaint should be dismissed in its entirety.

Dated: October 3, 2024          LETITIA JAMES
      Albany, New York          Attorney General of the State of New York
                                     Attorney for Defendant
                                     The Capitol
                                     Albany, New York  12224

                                     By: *s/Brian W. Matula*
                                     Brian W. Matula
                                     Assistant Attorney General, of Counsel
                                     Bar Roll No. 511717
                                     Telephone: (518) 776-2236
                                     Fax: (518) 915-7738 (Not for service of papers.)
                                     Email: brian.matula@ag.ny.gov

To:    Linda L. Hawley
       228 Maple Drive
       Oneida, New York 13421