UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA L. HAWLEY,

                                      Plaintiff,

                                                                         5:24-cv-00248
-against-                                                         MAD / TWD

OPWDD – CENTRAL NEW YORK DDSO,

                                      Defendant.
_____


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**

**DEFENDANT'S MOTION TO DISMISS**


                                                      LETITIA JAMES
                                                      Attorney General
                                                      State of New York
                                                      Attorney for Defendant
                                                      The Capitol
                                                      Albany, New York  12224

                                                      By: Brian W. Matula
                                                      Assistant Attorney General, of Counsel
                                                      Bar Roll No. 511717
                                                      Telephone: (518) 776-2236
                                                      Fax: (518) 915-7738 (Not for service of papers.)
                                                      Email: brian.matula@ag.ny.gov

TABLE OF CONTENTS

ARGUMENT ...........................................................................................................................1

    I.    **PLAINTIFF FAILS TO ALLEGE ANY FACTS ESTABLISHING A CONNECTION BETWEEN HER SEXUAL ORIENTATION AND ANY ACT OF ALLEGED DISCRIMINATION OR THE CREATION OF A HOSTILE WORK ENVIRONMENT.** ...............................................................1

    II.    **PLAINTIFF FAILS TO ALLEGE ANY FACTS ESTABLISHING A CONNECTION BETWEEN HER SEX AND ANY ACT OF ALLEGED DISCRIMINATION OR THE CREATION OF A HOSTILE WORK ENVIRONMENT.** ...............................................................................2

    III.    **PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES** ........................................................................................................4

CONCLUSION ......................................................................................................................5

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................................................2

*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)........................................................................3

ARGUMENT

I. **PLAINTIFF FAILS TO ALLEGE ANY FACTS ESTABLISHING A CONNECTION BETWEEN HER SEXUAL ORIENTATION AND ANY ACT OF ALLEGED DISCRIMINATION OR THE CREATION OF A HOSTILE WORK ENVIRONMENT.**

Plaintiff's pleading, and the allegations contained in her opposition to Defendant's Motion to Dismiss, rely solely on conclusory and speculative statements that the Defendant's actions were taken because of her sexual orientation. *See* ECF No. 35, Pl. Memorandum of Law in Opposition to Defendant's Motion to Dismiss, ("Pl. Mem. of Law") at 2[1] ("These actions were …directly tied to Plaintiff's sexual orientation."); 5 ("[t]hese incidents are based solely on her sexual orientation and her decision to complaint about Defendant's illegal activity.").

Plaintiff's conclusory allegations are more glaring given the breadth of her claims. Plaintiff alleges that Defendant failed to promote her on twenty-two separate occasions. *See* Defendant's Mem. of Law in Support of Defendant's Motion to Dismiss, ECF No. 31-1 ("Def. Mem. of Law") at 4, 15. Plaintiff fails, however, to assert any factual allegations to suggest that any of the decisionmakers involved in these twenty-two determinations made their determinations based on Plaintiff's sexual orientation. Plaintiff's Amended Complaint includes only one allegation concerning one alleged member of one interview panel – and that allegation is limited to an assertion that that particular decisionmaker was merely aware of Plaintiff's sexual orientation. *See* Amended Complaint, ECF No. 30 ("Am. Compl."), ¶ 112 ("At least one person on the interview panels admitted during the EEOC investigation to knowing that I was a lesbian."); *see also* Defendant's Mem. of Law at 16-17. Plaintiff's allegation that it is "possible" that one individual

---

[1] All page citations for previously-filed documents are intended to refer to the page number in the electronically-added docket header.

1

with knowledge of her sexual orientation "could have influenced the others" (Am. Compl., ¶ 113) and her allegation that it is "possible" other members of the interview panels knew her sexual orientation (*id.*, ¶ 114), are not sufficient to move her claims from the realm of possibility to that of plausibility needed to allow her claims to proceed.[2]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's Amended Complaint fails to establish a plausible entitlement to relief and should be dismissed.

II. **PLAINTIFF FAILS TO ALLEGE ANY FACTS ESTABLISHING A CONNECTION BETWEEN HER SEX AND ANY ACT OF ALLEGED DISCRIMINATION OR THE CREATION OF A HOSTILE WORK ENVIRONMENT.**

Plaintiff alleges in her opposition that in addition to her sexual orientation, she was discriminated against on the basis of her not confirming to gender stereotypes. *See* Pl. Mem. of Law at 4. Plaintiff claims that her appearance, behaviors and mannerisms "do not confirm to gender stereotypes," and that as a result, she has suffered from "various forms of discrimination because of her gender non-conformity". *Id.* at 2.

---

[2] Plaintiff also acknowledges that she has no factual basis upon which to make claim that the individuals who were appointed to the position were similarly or less qualified. In her opposition, Plaintiff cites to "candidate lists that the Plaintiff does not have access to" (ECF No. 35 at 13-14) and resumes of other candidates "that Plaintiff is not privy to" (*id.* at 18).

2

First, Plaintiff did not reference her appearance, behaviors or mannerisms as the basis for her claims of discrimination anywhere in her Amended Complaint, in her filings with the EEOC, or in her most recent filing with the New York State Division of Human Rights. *See* ECF Nos. 30-31-3, 31-4; *see also* Matula Affirmation (dated Dec. 2, 2024), Ex. A. This newly-asserted allegation does not appear anywhere in her Amended Complaint, and to the extent it is alleged to raise federal claims, has not been exhausted. It should therefore be dismissed.

In the event that the Court considers this newly-asserted theory, the claim should still be dismissed. While Plaintiff claims her appearance, behaviors and mannerisms did not confirm to gender stereotypes, her claim that she was discriminated against on this basis is conclusory and entirely speculative. Plaintiff offers nothing to suggest that anyone treated her differently as a result of these things or even what she is alleging as the "various forms of discrimination." *Id* at 2.

Plaintiff argues, in advancing her gender non-conformity theory, that she was not unlike the plaintiff in *Price Waterhouse*. *See* Plaintiff's Memorandum of Law ECF No. 35 ("Pl. Mem. of Law") at 5; *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). However, in *Price Waterhouse*, the plaintiff submitted proof to establish a connection between her protected class and the adverse action she claimed. Plaintiff provided proof that partners had referred to her as "macho" and stated that she "overcompensated for being a woman" and advised her to take 'a course at charm school.'" *Price Waterhouse,* 490 U.S. at 235. One partner remarkably wrote that the plaintiff should "walk more femininely, talk more femininely, dress more femininely, wear make-up, have her hair styled, and wear jewelry." *Id.*. In *Price Waterhouse*, this proof served to establish a connection between the Plaintiff's protected status and the resulting adverse action. *Id.* at 236.

While Plaintiff, at the pleading stage, certainly does not need to present the type of proof required in briefing a summary judgment motion, or in sustaining her claims at trial, she must still

3

provide non-conclusory factual allegations to demonstrate that it is *plausible* that Defendant discriminated against her because of her appearance, behaviors and mannerisms. *See Ashcroft*, 556 U.S. at 678.

Plaintiff's claim that she was discriminated against because she failed to adhere to gender stereotypes should be dismissed.

### III.  PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Defendant claimed in its motion to dismiss that Plaintiff failed to exhaust her administrative remedies with regard to all of her federal claims except her September 23, 2021 failure to promote claim and her workstation reassignment claim. *See* Def. Mem. of Law at 7-10. In her opposition, Plaintiff fails to address any of Defendant's arguments concerning exhaustion. Instead, Plaintiff argues against an assertion Defendant made in its pre-motion letter to the Court. *See* Pl. Mem. of Law at 10 (quoting Defendant's Pre-Motion Letter, ECF No. 23 at 3). Plaintiff claims that Defendant's assertion that her October 5, 2023 claim was not exhausted (but instead was the subject of an ongoing investigation prompted by Plaintiff's most recent NYSDHR filing) was "false." *See* Pl. Mem. of Law at 10 (quoting Defendant's Pre-Motion Letter, ECF No. 23 at 3).

On January 2, 2024, Plaintiff filed a Complaint Form with the New York State Division of Human Rights ("NYSDHR"). *See* Matula Aff. (dated Dec. 2, 2024), Ex. A. Plaintiff's complaint alleged that the most recent instance of discrimination occurred on October 5, 2023, when Ms. Reed was promoted instead of Plaintiff. *Id.* Plaintiff also alleged in her January 2, 2024 NYSDHR complaint that Ms. Reed retaliated against her when she "aggressively spun around to look over [Plaintiff's] shoulder." *Id.*

4

On November 7, 2024, NYSDHR issued its determination, finding that there was no probable cause to believe that discrimination occurred. *See* Matula Aff. (dated Dec. 2, 2024), Ex. B. The correspondence gave Plaintiff notice of her ability to seek a review by the EEOC and advised her that in the absence of a request for review, the EEOC will generally adopt NYSDHR's action in the case. *See id.*

Plaintiff could not have exhausted her administrative remedies with regard to her October 5, 2023 claim and subsequent claim of retaliation prior to her commencement of this action on February 20, 2024 if the NYSDHR did not even refer its determination concerning these matters to the EEOC until November 7, 2024. *Id.*

Plaintiff's claims were not administratively exhausted and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be granted and Plaintiff's Amended Complaint should be dismissed in its entirety.

Dated: December 2, 2024
      Albany, New York

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant
The Capitol
Albany, New York  12224

By: *s/Brian W. Matula*
Brian W. Matula
Assistant Attorney General, of Counsel
Bar Roll No. 511717
Telephone: (518) 776-2236
Fax: (518) 915-7738 (Not for service of papers.)
Email: Brian.Matula@ag.ny.gov

To:    Linda L. Hawley
        228 Maple Drive
        Oneida, New York 13421